**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN GILBERT WATUNG, | No. 07-72309 |
| Petitioner, | Agency No. A096-364-544 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Edwin Gilbert Watung, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal, and his application for cancellation of removal.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part, grant in part, and dismiss in part the petition for review.

The record does not compel the conclusion that Watung established changed circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition for review as to Watung's asylum claim.

Substantial evidence supports the agency's determination that the incidents Watung suffered did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). The agency did not consider Watung's application for withholding of removal under the disfavored group analysis, however. In light of our recent decisions in *Wakkary* and *Tampubolon v. Holder*, No. 06-70811, 2010 WL 2541610 at *5 (9th Cir. June 25, 2010), we remand for the BIA to assess Watung's withholding of removal claim under the disfavored group analysis in the first instance. *See Wakkary*, 558 F.3d at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

07-72309

We lack jurisdiction to review the agency's discretionary determination that Watung failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas*, 424 F.3d at 930.

Watung's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See id.* ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed).

Watung's request for attorney's fees is denied.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.**